Curia, -per

Frost, J.
The declaration sets out the mutual covenants of the plaintiff and defendant, that the plaintiff would build a house for defendant, according to a certain plan and specifications contained in the deed, and that defendant would pay the plaintiff $2,150, “ when the said dwelling-house should be finished and completed, in the style particularly set forth in the said written agreement, and the same received by the said Z. P. Herndon.” The declaration then avers performance by the plaintiff, in that he had completed the said dwelling-house, and that the same was “ then received by the said Z. P. Herndon, who has, ever since, continued to use and occupy it.” From the deed, the defendant’s covenant is shown to be that, on the completion of the house, “ and upon the receipt of the same by the said Herndon, and he being satisfied that the said house is built and finished according to the contract, and all that is expressed and implied in the same, then the said Herndon is to pay to the said Killian twenty-one hundred and fifty dollars.”
The plaintiff made proferí of the deed. The defendant, without demanding oyer, or setting out the deed, demurs ; and, for causes of demurrer, assigns — first, that the plaintiff has not inserted the whole deed in the declaration; and, secondly, that the plaintiff, in averring performance, has not set out that the defendant was “ satisfied that the said house was built and *199 finished, according to the contract,” &c., which is part of the defendant’s covenant, “ as appears by the agreement.”
With respect to the first cause of demurrer, it is clearly not necessary to set out the whole deed ; but it is sufficient to set out those covenants only which contain the mutual stipulations and conditions which are essential to the plaintiff’s cause of action: (Smith vs. Youmans. 1 Saund. 317.)
The second cause of demurrer assumes that it is an essential condition to the plaintiff’s right of action, that the house should be completed, according to the terms of the contract, and be received by the defendant; and, also, that the defendant should be “ satisfied that the house was built and finished according to the contract,” &c.; and denies that performance of the plaintiff’s covenant is sufficiently pleaded, because it is not averred that the defendant was “ satisfied,” &c., in the words of the covenant.
This objection was principally considered in the Circuit Court. It is not intended, by this Court, to express any opinion whether the plaintiff may not recover the stipulated price, if he proves the faithful performance of his covenant, though the defendant may not be “ satisfied,” &c., nor to decide, if it be proved that the house was built according to the terms of the contract, whose fault it may be that the defendant is not satisfied. If it be not an essential precedent condition to the plaintiff’s right of action that, over and above proof of the faithful performance of his contract, the plaintiff should also prove that the defendant was “ satisfied,” &c., then the omission to aver that the plaintiff was “satisfied” cannot be cause of demurrer. What is the legal effect of the defendant’s covenant cannot be decided on this demurrer, because the deed is not set out on the record.
A more obvious and fatal objection is presented by the form of the demurrer. The performance of covenants may be stated either according to their substance and legal effect, or in the words of the covenant. It must, however, be averred in strict conformity to the deed: Com. Dig. Pleader, (c. 59.) If the covenant be set out, with a proferí, and is misrecited, the other *200 party may be relieved by praying oyer of the deed, and setting it out, in hcec verba: (1 Saund. 9.) This is the only way in which the party can be relieved; for he cannot reply that, by the said indenture, it was further agreed, &c.: (Smith vs. Boucher, 1 Keb. 513; Stibbs vs. Clough, 1 Stra. 227; 1 Saund. 316.) The deed thus set out on oyer, becomes, in effect, a part of the precedent-pleading: (Smith vs. Youmans, 1 Saund. 316 ) And, if the declaration, in the statement of the covenant, is materially variant from the deed, in any respect, the defendant may demur specially, (Com. Dig. Pleader, 2, 3.) or he may take advantage of the variance by motion for a nonsuit: (1 Phil. Ev. 210.) The defendant not having demanded oyer, nor set out the deed, the covenant is not shown on the record; and the alleged misrecital cannot be the subject of demurrer.
Judgment was properly rendered for the plaintiff; and the motion is dismissed.
O’Neall, Evans, Wardlaw and Withers, JJ. concurred.

Motion dismissed.